803 F.2d 961
 41 Empl. Prac. Dec. P 36,597, 35 Ed. Law Rep. 94
 Charles R. NELSON, Appellant,
v.
PULASKI COUNTY SPECIAL SCHOOL DISTRICT; Tom Hardin,
Individually and as Superintendent of the Pulaski County
Special School District; Bob Moore, Shirley Lowery, Bob
Stender, Sheryl Dunn, David Sain and Don Hindman,
Individually and as Members of the Board of Directors of the
Pulaski County Special School District, Appellees.
 No. 86-1035.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 12, 1986.
Decided Oct. 24, 1986.
 
 Richard W. Roachell, Little Rock, Ark., for appellant.
 Bruce R. Lindsey, Little Rock, Ark., for appellees.
 Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.
 FAGG, Circuit Judge.
 
 
 1
 Charles R. Nelson appeals the judgment of the district court dismissing his complaint, in which he asserts he was denied a head teacher position in the Pulaski County Special School District (PCSSD) because of his race. He argues the district court's finding that the school district had legitimate nondiscriminatory reasons for its employment decision is clearly erroneous. He also argues the court held him to an improper burden of proof and committed reversible error in resolving several evidentiary questions. We affirm.
 
 
 2
 Nelson, a black male, and Barbara Thomas, a white female, both experienced teachers of disabled and mentally retarded children, were assigned to the PCSSD special education unit for the school year 1980-81. PCSSD decided for that year to designate from among its special education staff a "head teacher" to serve as a liaison and represent the distinct needs of special education students to the principal of the school in which the special education unit was to be housed. Nelson and Thomas applied for the position.
 
 
 3
 A two-person selection committee, comprised of PCSSD's director of special education and director of elementary education (both white), interviewed Thomas and Nelson and recommended Thomas as head teacher. When this appointment ultimately was approved, Nelson filed this suit claiming discrimination.
 
 
 4
 The district court determined PCSSD selected Thomas for legitimate nondiscriminatory reasons. PCSSD, the court found, relied on Thomas' prior experience as a head teacher, her higher evaluations on overall teaching skills, and her flexibility and superior grasp of the fundamentals of developing individualized educational plans. A district court's choice to believe an employer's account of its motivations is a factual finding which may be overturned on appeal only if clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564, 566, 105 S.Ct. 1504, 1508, 84 L.Ed.2d 518 (1985) (citing Pullman-Standard v. Swint, 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982)).
 
 
 5
 Nelson's challenge to the district court's findings proceeds essentially from a competing view of the evidence. We are convinced, however, that the district court carefully considered all the testimony and exhibits; and its findings have ample support in the record. A factfinder's choice between two permissible views of the evidence cannot be clearly erroneous. Anderson, 470 U.S. at 574, 105 S.Ct. at 1512.
 
 
 6
 Nelson next argues that the district court committed error in following the pattern of proof developed in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-56, 101 S.Ct. 1089, 1093-95, 67 L.Ed.2d 207 (1981), under which the ultimate burden of proving intentional discrimination remained with him. Nelson contends that in light of PCSSD's past history of discrimination, the court should have shifted the burden to PCSSD to prove the reasons for its selection of Thomas by clear and convincing evidence. We refused to apply this standard under similar circumstances in Patterson v. Masem, 774 F.2d 251, 254-55 (8th Cir.1985), and thus we cannot agree the higher standard is appropriate here.
 
 
 7
 Finally, Nelson argues that the district court committed error in admitting into evidence teacher evaluations of Thomas and Nelson made after the selection of Thomas as head teacher. Because this case was tried to the court, however, error is not a ground for reversal if "there is sufficient competent evidence to support the judgment and it does not appear that the court was induced by the incompetent evidence to make essential findings that it otherwise would not have made." O'Connor v. Peru State College, 781 F.2d 632, 639 (8th Cir.1986). The district court did not mention the postdecision evaluations in making its findings of fact but instead relied on the testimony of the selection committee members regarding the areas in which they felt Thomas was superior. Thus, error, if any, in admitting the challenged evidence was harmless.
 
 
 8
 We have carefully considered Nelson's further evidentiary contentions and find them to be without merit.
 
 
 9
 We affirm the district court.